**UNITED STATES of America, Plaintiff–Appellee,**

v.

**CUONG KY AU, a/k/a Shaun, China Boy, Chong Ky Au and Ky Coung Au, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Thanh Quang Tran, aka Chris Tran,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Nathan Dang, a/k/a Seal C, a/k/a Nghia
Van Dang, Defendant–Appellant.

Nos. 05–50091, 05–50139, 05–50276.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Decided Dec. 14, 2006.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Esq., Santa Ana, CA, for Cuong Ky Au.

William J. Kopeny, Esq., William J. Kopeny & Associates, Irvine, CA, for Thanh Quang Tran.

William C. Melcher, Esq., Melcher Melcher & Melcher Trillium Towers Center, Woodland Hills, CA, for Nathan Dang.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Cuong Ky Au, Thanh Quang Tran, and Nathan Dang appeal their convictions and sentences for conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. All three contend insufficient evidence supported the jury's findings regarding the amount of methamphetamine for which each was responsible because the prosecution did not show that an overt act in furtherance of the conspiracy was committed.

Tran also argues that (1) the government improperly vouched for a cooperating witness by referring to the truthfulness provision of the witness's plea agreement and by moving the plea agreement into evidence; (2) the government misstated the evidence and disparaged defense counsel during closing argument; (3) the government presented impermissible expert testimony; and (4) the district court should have granted Tran a downward sentencing adjustment because he served a minor role in the methamphetamine conspiracy. Dang joins the argument regarding improper expert testimony.

We conclude the jury heard sufficient evidence to allow it to attribute to Au negotiations regarding more than 500 grams of methamphetamine, and to each of Tran and Dang more than 1.5 kilograms of methamphetamine. "The amount of drugs that a defendant negotiates to sell, where supported by ·the record, may be consid-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ered as relevant conduct for determining the base offense level even if the drugs are never produced." *United States v. Becerra*, 992 F.2d 960, 966 (9th Cir.1993) (citing *United States v. Bradley*, 917 F.2d 601, 604 (1st Cir.1990); *United States v. Molina*, 934 F.2d 1440, 1451–52 (9th Cir.1991)); *see* United States Sentencing Guidelines Manual § 2D1.1 cmt. n. 12 (2005). The prosecution was not required to prove any overt act beyond negotiation.

Viewed in the light most favorable to the prosecution, and drawing all reasonable inferences in the government's favor, *see United States v. Hartz*, 458 F.3d 1011, 1023 (9th Cir.2006); *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir.2000), evidence in the form of intercepted telephone calls, corroborating surveillance, and testimony from cooperating witnesses sufficed to find the appellants responsible for negotiations regarding the drug quantities the jury concluded were attributable to each.

■ Contrary to appellant Tran's arguments in this appeal, the government did not impermissibly vouch for cooperating witness David Nguyen by questioning him about the truthfulness provision in his plea agreement and by moving the plea agreement into evidence. The prosecutor reasonably responded to Au's counsel's aggressive attack on David Nguyen's credibility during cross-examination. *See United States v. Monroe*, 943 F.2d 1007, 1013 (9th Cir.1991); *United States v. Kats*, 871 F.2d 105, 107 (9th Cir.1989); *United States v. Rohrer*, 708 F.2d 429, 433 (9th Cir.1983); *United States v. Brooklier*, 685 F.2d 1208, 1218 (9th Cir.1982).

■ We further conclude there was no prosecutorial misconduct during the prosecutor's argument to the jury. The prosecutor corrected his misstatements immediately after uttering them, and the remainder of his argument was either permissible as a reasonable inference from the evidence, *see Menendez v. Terhune*, 422 F.3d 1012, 1037 (9th Cir.2005), or not so egregious as to cross the line into impermissibility, *cf. United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

■ We also affirm the district court's admission of Special Agent Finta's opinion testimony. The agent's opinion that there were drugs to seize although his team chose not to seize them did not relate to a necessary element of the prosecution's case. Agent Finta's testimony was permissible expert opinion based on his experience. *See United States v. Younger*, 398 F.3d 1179, 1188 (9th Cir.2005); Fed. R.Evid. 702.

■ Tran was not entitled to a downward sentencing departure for a minor role in the conspiracy. He was not " 'substantially' less culpable" than his coconspirators. *See United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). The evidence at trial showed Tran was a trusted associate of the conspiracy leader.

**AFFIRMED.**